IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-CV-00303-FL

| | |
|---|---|
| AUGUSTINA VELAZQUEZ and OMAR SEGUNDO URBINA a/k/a one person named ROBERTO CARLOS DE LEON RAMOS, MOISES SEGUNDO URBINA a/k/a MANUEL LOPEZ, and LUIS FERNANDO VELAZQUEZ a/k/a ALFONSO REYNOSO GONZALEZ on behalf of themselves and all other similarly situated persons,<br><br>       Plaintiffs,<br><br> v.<br><br>BURCH EQUIPMENT, L.L.C.; BURCH FARMS, L.L.C.; JAMES P. BURCH, MANAGER of both BURCH EQUIPMENT, L.L.C. and BURCH FARMS, L.L.C.; WILLIAM E. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; FRANCIS T. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; and TERESA BURCH, MEMBER of BURCH FARMS, L.L.C.,<br><br>       Defendants. | **CONSENT PROTECTIVE ORDER** |

  This case is before this Court for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 79.2. This action arises out of Plaintiffs' employment by Defendants Burch Equipment, L.L.C. and Burch Farms, L.L.C. and allegations related to payment of wages to the Plaintiffs. Plaintiffs have asserted claims pursuant to the Fair Labor Standards Act ("FLSA"), North Carolina Wage and Hour Act ("NCWHA"), and Migrant and Seasonal Agricultural Workers Protection Act ("AWPA") and seek to have these claims certified as collective and/or class actions. Defendants deny the material allegations made by the Plaintiffs in this action and deny that Plaintiffs' claims should be certified as

collective or class actions.

Because of the nature of the factual issues involved in this case, the parties anticipate that the discovery in this case may include production and disclosures by the parties and by third parties of information that may be confidential or proprietary, including, without limitation, financial information, personnel information, trade secrets, and employment records. Accordingly, this Court believes that entry of this Consent Protective Order is in the interest of all parties and in the interest of the fair and efficient administration of justice. Therefore, until further order of this Court, it hereby is ordered that the parties shall follow the procedures set forth below with respect to information, documents, testimony, or tangible things produced or otherwise disclosed in this litigation:

1. With the exception of the categories of document(s) and electronically stored information described in ¶3 below, the following definitions shall apply in this Consent Protective Order:

   a. "CONFIDENTIAL Information" shall mean any information, documents, testimony, or tangible things ("Information") furnished in the course of this litigation regarded by a party as confidential and/or private information, including but not limited to things such as proprietary data, financial data and information, payroll records, trade secrets, other valuable or commercially sensitive information, confidential and private information concerning parties, witnesses, and persons not party to this action, and/or commercially sensitive or otherwise confidential information designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term "documents" shall be broadly construed to include information that is recorded in any

2

form, including but not limited to hard copy, electronically stored information, and audio and video recordings. "Documents" shall not, however, include attorney work product.

b. "ATTORNEYS' EYES ONLY Information" shall mean CONFIDENTIAL Information that a party, in good faith, believes is so sensitive that it should not be made available to other parties or their employees and is designated "ATTORNEYS' EYES ONLY" pursuant to the procedures set forth below. CONFIDENTIAL Information that is designated ATTORNEYS' EYES ONLY Information shall also be deemed designated CONFIDENTIAL.

2. Other than as stipulated to in ¶1 above, "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" designations shall be made as follows:

a. Information shall be designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within the meaning of this Protective Order in the following ways:

i. In the case of documents or tangible things, including the information contained therein, that are produced by any party, designation shall be made by placing on each page of the document or each tangible thing the legend or stamp CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

ii. In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by placing on the pages containing the CONFIDENTIAL Information the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

iii. In the case of documents produced in "native format" or produced

electronically, designation of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may be made by placing on the means of electronic transmission (i.e. via compact disk, floppy disk, thumb drive, or external hard drive) the legend or stamp of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY. Such a designation on the means of electronic transmission entitles all documents and all such information contained on such transmission to be designated and treated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY as defined above.

b. In the case of deposition testimony, counsel may designate, on the record, those portions of a deposition that counsel believes contain CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information. If designation of CONFIDENTIAL Information is made, those portions of said depositions involving such CONFIDENTIAL Information will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL Information in accordance with this Protective Order. If designation of ATTORNEYS' EYES ONLY Information is made, those portions of said depositions involving such ATTORNEYS' EYES ONLY Information will be taken with no one present except those persons who are authorized to have access to such ATTORNEYS' EYES ONLY Information. A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY if the witness is within the category of persons entitled to see this type of information, pursuant to the provisions described below in subsections 3(a) and (b). Any party shall have thirty days after the receipt of the deposition transcript to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made

4

within the thirty-day period. Prior to such designation or the expiration of the thirty-day period, the entire deposition transcript shall be deemed CONFIDENTIAL Information.

    c.     The parties agree to designate Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good-faith basis and not for purposes of harassing the other parties or for purposes of unnecessarily restricting the other parties' access to information concerning the lawsuit.

    d.     Except as permitted by further order of the court, or by subsequent written agreement of the parties, such designated Information shall be received by counsel of record upon the terms and conditions of this Protective Order.

    3.   a. The restrictions set forth in this Order shall not apply to:

    1)     Information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order;

    2)     Information obtained by any party from a third party via subpoena, deposition, or other formal or informal discovery.

    3)     Burch Equipment, L.L.C. and Burch Farms, L.L.C. or its agents, with respect to its continued use of its own information produced and marked as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY during the normal course of its own day to day business.

If CONFIDENTIAL OR ATTORNEYS' EYES ONLY information becomes a matter of public record in any other manner, the owner of that information shall be able to seek protection of that information in accordance with paragraphs 7 and 8 of this Order even if it did not produce that information in discovery.

    b.     <u>CONFIDENTIAL Information:</u>

5

i  No other person other than the party producing the Confidential Information (as defined above) or its counsel of record will disclose to any other person the Confidential Information unless all terms and conditions in this Order are satisfied, including in addition to compliance with all of the other terms and conditions in this Order the execution of the appropriate declaration in the form of Exhibit A or Exhibit B attached hereto as the case may be; and upon satisfaction of such terms and conditions, the Confidential Information may be disclose only to the following persons:

(a)  The party or counsel of record receiving the Confidential Information;

(b)  Persons specifically consulted by the party or counsel of record receiving the Confidential Information to assist in the preparation of the trial of this matter (such as accountants, consultants, and experts), but only if such persons need the Confidential Information to render such assistance;

(c)  Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness Confidential Information as an exhibit, in order to elicit testimony relevant to the matters at issue in this case;

(d)  Any person or entity from whom or which it is reasonably anticipated by plaintiffs' counsel that plaintiffs' counsel is reasonably likely to obtain the disclosure of information and/or documents that are reasonably calculated to lead to the discovery of admissible evidence in this action by the tender to such person or entity of Confidential Information to obtain such information and/or documents. However, with the exception of any housing owned or controlled by any defendant that any such defendant may provide or allow any employee(s) of Burch Equipment, LLC or Burch Farms, LLC to occupy,

nothing in subsection (d) should be construed in any way as permitting plaintiffs' counsel or any of its employees, agents or representatives to enter upon any land owned by Burch Equipment, LLC or Burch Farms, LLC and communicate during work hours with any employees of any of the defendants whether or not those employees may become class members unless prior approval to enter upon such land and communicate with said employees is obtained from defendants and their counsel, and

(e) Any person serving as a mediator during a mediated settlement conference of this matter

c ATTORNEYS' EYES ONLY Information:

i Disclosure of Information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be limited to the Court; court reporters and videographers of sworn proceedings; the parties' counsel of record and the employees of such counsel who are assisting with this matter; Defendants Burch Equipment, L.L.C. and Burch Farms, L.L.C.'s officers, directors, and managers; consultants or experts retained by the parties to consult or testify in the case, but only to the extent Information is necessary for the consultation work or to prepare to testify and only after the requirements of subsection 3(b)(ii), below, are satisfied; and to the following persons, who shall be required first to execute a written declaration, in the form attached hereto as Exhibit A: services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations or other demonstrative materials to be used in the litigation. The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

7

ii. Before disclosing information designated as ATTORNEYS' EYES ONLY to any expert or consultant pursuant to subsection 3(b)(i) above, the following procedures shall be employed:

(a) Counsel shall: (i) notify, in writing by either e-mail and overnight delivery or fax, counsel for the party designating the Information ATTORNEYS' EYES ONLY of their desire to disclose such ATTORNEYS' EYES ONLY Information; (ii) obtain a written declaration, in the form attached hereto as Exhibit B, from each such expert or consultant; and (iii) provide to counsel for the designating party a copy of that declaration.

(b) If no objection to such disclosure is made by the designating party within five business days of receipt of such notification and declaration, counsel shall be free to make such disclosure to the designated expert or consultant, who shall be bound by the signed declaration.

(c) If the designating party objects to such disclosure, counsel for the party or parties opposing the disclosure shall bring before the Court by motion for protective order under Rule 26(c), Fed.R.Civ.P., the question of whether the particular ATTORNEYS' EYES ONLY Information can be disclosed to the required expert or consultant within ten (10) calendar days of the date of the party's objection(s) to such disclosure; In the event that the party or parties opposing disclosure fails to meet this time deadline, the presumptive prohibition against disclosure shall terminate automatically without prejudice to the designating party's right to move for relief under Rule 26(c), Fed.R.Civ.P., with respect to that same Information; however, absent the application of this time-related waiver, until and unless the Court orders that the ATTORNEYS' EYES ONLY Information may be disclosed to the requested expert or consultant, the Information shall not be so disclosed.

iii. All Information that is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Information under the terms of this Protective Order. CONFIDENTIAL Information and ATTORNEYS' EYES ONLY Information received by any authorized person shall be used only for purposes of this litigation and for no other purpose, including but not limited to labor organizing.

iv. In no case shall Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY be disclosed to any person or entity who competes directly or indirectly with Defendant or any labor organization, including its representatives and agents, that represents or is engaged in organizing Defendant's employees, except that CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY information may be disclosed to Justin Flores and Luis Chavez-Ruiz who are both current employees of the Farm Labor Organizing Committee who have been or are likely to be retained as agents of plaintiffs' counsel to assist in the prosecution of the matters at issue in this litigation, provided that the information disclosed to these two identified persons can only be used by those persons for purposes germane to the prosecution of this litigation and cannot be used by those persons in any fashion in an effort to attempt to organize Defendants' employees in any labor organization or union. The Defendant parties to this Consent Protective Order expressly recognize, understand, and agree that Information that may be disclosed pursuant to the terms of this Consent Protective Order to the Law Office of Robert J. Willis, P.A. by

and through its owner and sole co-counsel for the named plaintiffs in this action, Robert J. Willis, is and shall be disclosed to him solely in his capacity as co-counsel for the named plaintiffs and any persons they may be certified to represent in this action, and not in his previous, present, and future capacity as NC General Counsel for the Farm Labor Organizing Committee ("FLOC"), AFL-CIO. Likewise, Robert J. Willis recognizes, understands, and agrees that any such Information disclosed to him shall not be used by him for any purpose other than the prosecution of the claims of the named plaintiffs and any persons they may be certified to represent in this action, nor will he knowingly permit the use of any such Information for any other purpose or by any other person or entity.

4. If, through inadvertence, a party produces any Confidential Information without designating it as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the party may, as soon as reasonably practical, inform the other parties of the intended CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, and all parties shall treat such Information as CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information under this Protective Order. To the extent that any party already has disclosed this Information, that party promptly shall notify the designating party as to the specific recipients of such Information and shall take all reasonable steps to remove such Information from said recipients unless they otherwise are entitled to disclosure under this Order.

5. If any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the

person who was the recipient of such Information.

6. No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information for any purpose other than the prosecution or defense of this action, including any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Order.

7. Before filing with the Court any document (including, but not limited to, pleadings, briefs, memoranda, depositions, and exhibits) containing or consisting of Information that has been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the information be filed under seal, then the filing party shall give the producing party at least twenty-four (24) hours written notice of the intent of that party to file that material or information with the Court so that the producing party may file the materials and information in accordance with the Local Civil Rules, EDNC, and Section T of the Court's Electronic Case Filing Administrative Policies and Procedures Manual. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of the service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to

the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

9. The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, and anyone else who has or had access to any material designated CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information of the substance of this Order.

10. Acceptance or receipt by any party of any Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or with no designation, shall not constitute a concession that the Information is properly so designated or not designated. If any party

12

Case 7:14-cv-00303-FL   Document 29   Filed 08/03/15   Page 12 of 20

disagrees with the designation of any such Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the party first shall try to resolve such dispute on an informal basis through consultation with counsel. If agreement cannot be reached by counsel, then the party desiring the designation to continue may present such dispute to the Court by motion under Rule 26(c), Fed.R.Civ.P., within ten (10) calendar days of the date of any party's disagreement with any such designation. In the event that the party or parties desiring to continue such desisgnation fails to meet this time deadline, the presumptive prohibition against disclosure shall terminate automatically without prejudice to the designating party's right to move for relief under Rule 26(c), Fed.R.Civ.P., with respect to that same Information. In the event the party or parties desiring to continue such designation meets this time deadline, all such designations shall be respected pursuant to the terms of this Order until the Court rules on the motion. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the designation of confidentiality. Notwithstanding the designation or non-designation of any Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the parties reserve their right to seek relief regarding material that they believe was illegally obtained, including, but not limited to, the return of the material and/or damages for misappropriation or unauthorized use.

11. This Order shall be without prejudice to the right of any party to oppose production of any Information on grounds other than confidentiality.

12. This Order shall not prevent any party from applying to the Court for relief from it, from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify or vacate this Order, subject to the approval of the Court.

13. Within thirty days of the conclusion of this action, including any appeals, all

Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by a party pursuant to this Order, and all copies thereof, shall be destroyed by all other parties, except that counsel for each party is entitled to keep copies of pleadings and correspondence and any attachments or exhibits thereto, including CONFIDENTIAL Information and/or ATTORNEYS' EYES ONLY Information, used in this litigation in a secure storage area subject to the terms of this Consent Order. Within twenty-four hours of destruction, a party shall confirm such destruction in writing to the designating party. The provisions of this Order insofar as they restrict the disclosure, communication of, and use of CONFIDENTIAL Information and ATTORNEYS' EYES ONLY Information produced hereunder shall continue to be binding after the conclusion of this action.

14. Nothing in this Order shall prevent or limit a party who has designated any Information as CONFIDENTIAL or ATTORNEYS EYES ONLY from, in writing and without Court Order, releasing such Information.

15. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

Dated this  3rd  day of _____August___ , 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

14

Case 7:14-cv-00303-FL   Document 29   Filed 08/03/15   Page 14 of 20

**WE CONSENT:**

| | |
|---|---|
| /s/Robert J. Willis | /s/ William S. Cherry, III |
| Robert J. Willis, NCSB #10730 | William S. Cherry, III, NCSB # 33860 |
| LAW OFFICE OF ROBERT J. WILLIS, P.A. | J. Whitfield Gibson,    NCSB # 41261 |
| Attorneys for Plaintiffs | MANNING FULTON & SKINNER P.A. |
| P. O. Box 1269 | Attorneys for Defendants |
| Raleigh, NC   27602 | 3605 Glenwood Avenue, Suite 500 |
| Telephone:  (919) 821-9031 | Post Office Box 20389 |
| Fax: (919) 821-1764 | Raleigh, North Carolina   27619-0389 |
| Email: rwillis@rwillis-law.com | Telephone:       (919)  787-8880 |
| | Facsimile:        (919)  325-4604 (Cherry) |
| | Facsimile:        (919)  325-4605 (Gibson) |
| | Email:              cherry@manningfulton.com |
| | Email:              gibson@manningfulton.com |

**EXHIBIT A**
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-CV-00303-FL

| | |
|---|---|
| AUGUSTINA VELAZQUEZ and OMAR SEGUNDO URBINA a/k/a one person named ROBERTO CARLOS DE LEON RAMOS, MOISES SEGUNDO URBINA a/k/a MANUEL LOPEZ, and LUIS FERNANDO VELAZQUEZ a/k/a ALFONSO REYNOSO GONZALEZ on behalf of themselves and all other similarly situated persons,<br><br>        Plaintiffs,<br><br> v.<br><br>BURCH EQUIPMENT, L.L.C.; BURCH FARMS, L.L.C.; JAMES P. BURCH, MANAGER of both BURCH EQUIPMENT, L.L.C. and BURCH FARMS, L.L.C.; WILLIAM E. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; FRANCIS T. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; and TERESA BURCH, MEMBER of BURCH FARMS, L.L.C.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) DECLARATION OF _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  1.  My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

  2.  I live at:_____.

  3.  I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of _____, in the United States District Court, Eastern District of North Carolina, Western Division ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

  4.  I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the Protective Order and agree to comply with and be

bound by the terms of the Protective Order.

5. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY except as allowed by Protective Order.

6. I agree to use any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

7. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

8. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this _____day of _____,_____.

_____
Signature

**EXHIBIT B**
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-CV-00303-FL

| | |
|---|---|
| AUGUSTINA VELAZQUEZ and OMAR SEGUNDO URBINA a/k/a one person named ROBERTO CARLOS DE LEON RAMOS, MOISES SEGUNDO URBINA a/k/a MANUEL LOPEZ, and LUIS FERNANDO VELAZQUEZ a/k/a ALFONSO REYNOSO GONZALEZ on behalf of themselves and all other similarly situated persons, <br><br>                        Plaintiffs, <br><br>    v. <br><br>BURCH EQUIPMENT, L.L.C.; BURCH FARMS, L.L.C.; JAMES P. BURCH, MANAGER of both BURCH EQUIPMENT, L.L.C. and BURCH FARMS, L.L.C.; WILLIAM E. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; FRANCIS T. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; and TERESA BURCH, MEMBER of BURCH FARMS, L.L.C., <br><br>                        Defendants. | <br><br><br><br><br><br><br><br><br><br><br>DECLARATION OF _____ |

    1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

    2. This statement is submitted in support of my request for access to materials under the Consent Protective Order in this action.

    3. I have been retained by_____, a party to this action, as a consultant or expert witness. My title is _____, and my employer is _____.

    4. My professional relationship with the party for whom I am retained in this

18

proceeding and its personnel is strictly as a consultant on issues relevant to this proceeding. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with a party in this action or with any other firm that might gain a competitive advantage from access to the material disclosed under the Consent Protective Order:

_____

_____

5. I have attached the following information:

    A. a current resume describing my education and employment history to date;

    B. a description of the financial interests that I, my spouse, and/or my immediate family has in any entity that is an interested party in this proceeding or whose Confidential Information will be reviewed.

6. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of _____, in the United States District Court, Eastern District of North Carolina, Western Division ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

7. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

8. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY except as allowed by Protective Order.

9. I agree to use any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

10. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

11. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this _____day of _____,_____.

_____
Signature