IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-CV-00303-FL

| | |
|---|---|
| AUGUSTINA VELAZQUEZ and OMAR SEGUNDO URBINA a/k/a one person named ROBERTO CARLOS DE LEON RAMOS, MOISES SEGUNDO URBINA a/k/a MANUEL LOPEZ, and LUIS FERNANDO VELAZQUEZ a/k/a ALFONSO REYNOSO GONZALEZ on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BURCH EQUIPMENT, L.L.C.; BURCH FARMS, L.L.C.; JAMES P. BURCH, MANAGER of both BURCH EQUIPMENT, L.L.C. and BURCH FARMS, L.L.C.; WILLIAM E. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; FRANCIS T. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; and TERESA BURCH, MEMBER of BURCH FARMS, L.L.C., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

ORDER APPROVING CLASS ACTION CERTIFICATION

This matter is before the Court on the parties' joint motion for class action certification. The joint motion seeks certification under Rule 23 for alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"). 29 U.S.C. §§ 1801, *et seq*. Defendants have denied liability in their Answer to the Amended Complaint.

The Named Plaintiffs and Defendants have negotiated a settlement agreement in this action which includes relief on a class wide basis on the Named Plaintiffs' claims under the

5

AWPA. For settlement purposes only, Defendants consent to and join in the Joint Motion for Class Action Certification under Rule 23(b)(3) ("Joint Motion") pursuant to the Settlement Agreement reached between the parties.

Accordingly, pursuant to the Settlement Agreement, the parties now seek to certify a Class under the AWPA for statutory damages under 29 U.S.C. § 1854(c)(1). The parties move under Fed. R. Civ. P., Rule 23(b)(3), for certification of a class represented by Plaintiffs and defined as follows:

> all migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who performed temporary or seasonal work in agriculture as an employee of Burch Equipment, LLC and/or the individual Burch defendants between December 31, 2011 and December 31, 2014 and who were paid on a piece rate during any workweek during that time period.

Named Plaintiffs alleged that Defendants' recordkeeping practices were in violation of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

## I.     CLASS CERTIFICATION MOTION

When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement. *Covarrubias v. Capt. Charlie's Seafood, Inc.*, 2011 WL 2690531 (E.D.N.C., July 06, 2011), at *2. There is a strong judicial policy in favor of settlement. *See Bennett v. Behring Corp.*, 737 F. 2d 982, 986 (11th Cir. 1984). The parties seeking class certification must still meet the four prerequisites of Federal Rules of Civil Procedure 23(a)(1) through (4) and then must establish that they constitute a proper class of at least one of the types delineated in Rules 23(b)(1) through (3). However, in those cases, courts do not need to inquire whether the class will be manageable at trial because the settlement makes a trial unnecessary. *Anchem Products v. Windsor*, 521 U.S. 591, 620 (1997).

As detailed below, the Named Plaintiffs' Amended Complaint and the information and sworn Declaration(s) submitted in support of the Joint Motion are sufficient to satisfy the requirements of Rule 23(a) and establish that the Class the Named Plaintiffs seek to represent also qualifies under Rule 23(b)(3).

### a. Named Plaintiffs are Members of and have Precisely Defined the Plaintiff Class They Seek to Represent

The court must make two initial determinations before determining whether to certify a class action: that a precisely defined class exists, *Haywood v. Barnes*, 109 F.R.D. 568, 576 (E.D.N.C. 1986), and that the class representative is a member of the proposed class. *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). The AWPA Class is defined as:

> all migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who performed temporary or seasonal work in agriculture as an employee of Burch Equipment, LLC and/or the individual Burch defendants between December 31, 2011 and December 31, 2014 and who were paid on a piece rate during any workweek during that time period.

This definition is sufficiently precise. *Haywood*, 109 F.R.D. at 576. In addition, the Named Plaintiffs worked for Defendant Burch Equipment, LLC as piece rate migrant and/or seasonal agricultural workers during part of the relevant time periods. *See, e.g.,* Transcript of the Deposition of plaintiff Luis Fernando Velazquez taken on November 20, 2015, pp. 1-7, p. 40 at lines 22-25, pp. 41-47, and p. 52; Transcript of the Deposition of plaintiff Moises Segundo-Urbina taken on November 20, 2015, pp. 1-7, p. 55 at lines 15-25; pp. 56-58, and 64; and Plaintiff Agustina Velazquez's Response to Defendants' First Set of Interrogatories, pp. 1, 5-9, 16-18, 24-26, and 48 (sworn answer to interrogatory ##1, and 13-16). Therefore, the Named Plaintiffs are a members of the AWPA Class which they seek to represent.

7

### b. The Numerosity, Commonality, Typicality and Adequacy Requirements of Rule 23(a) are Satisfied with regard to the Class.

A class action under Fed.R.Civ.P., Rule 23 is certified if the prerequisites of Rule 23(a) are satisfied. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982). The trial court is not required to examine the merits of the underlying claims when it decides a motion for class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *see also Covarrubias*, 2011 WL 2690531, *3.

In accordance with Rule 23 and applicable law, this Court gives Rule 23 "a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Health Plan Services, Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (citing *In re A.H. Robins,* 880 F.2d 709, 740) (4th Cir. 1989), *cert. den., Anderson v. Aetna Cas. and Sur. Co.*, 493 U.S. 959 (1989)), *cert. den., Healthplan Services, Inc. v. Gunnells*, 542 U.S. 915 (2004); *see also Kidwell v. Transportation Communications International Union*, 946 F.2d 283, 305 (4th Cir. 1991), *cert. den.*, 503 U.S. 1005 (1992) ("[t]rend is to give Rule 23 a liberal construction."); *Rodger v. Electronic Data Systems Corp*, 160 F.R.D. 532, 535 (E.D.N.C. 1995).

### i. The AWPA Class is sufficiently numerous and joinder is impracticable.

The numerosity requirement of Fed.R.Civ.P., Rule 23(a)(1), mandates that the class be "so numerous that joinder of all members is impracticable." There is no set number of members necessary for class certification and the decision to certify or not certify a class must be based upon the particular facts of each case. *See Haywood*, 109 F.R.D. at 576-77 (courts have "certified classes composed of as few as eighteen... and twenty-five members") (citations omitted).

8

Case 7:14-cv-00303-FL   Document 50   Filed 03/08/16   Page 4 of 12

The proposed settlement class includes more than 500 people who worked for Defendants on a piece rate basis. *See* Declaration of Kelly Wallace. There are, therefore, a sufficient number of putative class members to establish numerosity, but this Court's analysis should not be limited to numbers alone. *See Rodger*, 160 F.R.D. at 536-537. Here, the presumption of numerosity should also stand because joinder of all members of the class is all but impossible. Where, as in this case, class members are geographically dispersed, lack sophistication, and are non-English speaking migrant workers, courts have found that such additional factors make joinder impracticable. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.,* 776 F.Supp.2d 117, 130 (EDNC 2011); *Covarrubias*, 2011 WL 2690531 at 4; *Rodriguez v. Berrybrook Farms, Inc.,* 672 F. Supp. 1009, 1013-1014 (W.D. Mich. 1987)*; Leyva v. Buley,* 125 F.R.D. 512, 515 (E.D.Wash. 1989).

Furthermore, Named Plaintiffs contend that members of the AWPA Class are "economically disadvantaged, making individual suits difficult to pursue." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). Because the number of class members is sufficient and the circumstances do not make joinder a practical alternative, the class meets the Rule 23(a)(1) standard for numerosity.

### ii. There are common questions of law and fact.

Under the "commonality" requirements of Fed.R.Civ.P., Rule 23(a)(2), at least one common question of law or fact must exist among class members. *See Haywood*, 109 F.R.D. at 577-78. It is not necessary, however, that all of the questions of law or fact in a case be common to all putative class members, but only that "a single common question . . . exist." *Rodger*, 160 F.R.D. at 537. "Indeed, a single common question is sufficient to satisfy the rule." *Haywood*, 109 F.R.D. at 577.

Here, the Named Plaintiffs and the other putative class members were all paid on a piece rate basis and, as alleged in the Amended Complaint, share common questions of law or fact which in relevant part include:

(a) For each agricultural season between December 31, 2011 and December 31, 2014, did Burch Equipment, LLC employ Named Plaintiffs and the members of the putative class as migrant or seasonal agricultural workers under the AWPA?

(b) For each agricultural season between December 31, 2011 and December 31, 2014, did Burch Equipment, LLC violate the recordkeeping and wage statement provisions of 29 U.S.C. §§ 1821(d)(1)(B)-(D), 1821(d)(2), 1831(d)(1)(B)-(D), and 1831(d)(2) of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") by failing to disclose, make, and preserve wage statements and records which accurately disclosed and recorded the number of hours worked?

(c) For each agricultural season between December 31, 2011 and December 31, 2014, did Burch Equipment, LLC violate the provisions of 29 U.S.C. §§ 1822(a) and 1832(a) by failing to pay weekly wages that were due for each unit of jalapeño peppers, sweet potatoes, and/or other agricultural commodity that those same workers harvested by hand at the piece rate that was disclosed to them when Burch Equipment, LLC or person(s) acting for it confiscated picking tokens that they were obligated to distribute to the named plaintiffs and those same workers for crops that those same workers had already harvested on a piece rate basis and delivered to Burch Equipment, LLC and/or persons acting on its behalf as a disciplinary measure for alleged improper picking procedure?

[*See* Amended Complaint, DE 35 at 22 and 37-38 (¶¶22(a) and 65(b)-(d))]. Therefore, the commonality requirement is satisfied.

### iii. The Named Plaintiffs' claims are typical of those of the Class.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defense of the class. *Haywood*, 109 F.R.D. at 578. "The claim of a party is typical if it arises from the same event or course of conduct which gives rise to the claims of other class members and is based on the same legal theory." *Id*. "[T]he requirements of commonality and typicality tend to merge" in that "[b]oth serve as guideposts for determining whether under particular circumstances maintenance of a class action is economical and whether the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. at 157 n.13. The typicality requirement does not require that all of the putative class members share identical claims. *Rodger*, 160 F.R.D. at 538 ("A court may determine that the typicality requirement is satisfied even when the plaintiffs' claims and the claims of the class members are not identical"). The prerequisite is only that Plaintiffs' claims be common, and "class representatives must not have an interest that is antagonistic to that of the class members." *Id*.

The facts alleged in the Named Plaintiffs' Amended Complaint meet the requirements of Rule 23(a)(3) with respect to the AWPA Class. *See* Amended Complaint, DE 35 at 37-38 (¶¶65(b)-65(d)). The Named Plaintiffs' claims and the claims of the AWPA Class members arise from the same practices and alleged course of conduct by Defendants. *Id.* The Named Plaintiffs and the members of the proposed AWPA Class were all employees of Defendants and they were all paid on a piece rate basis during at least part of their employment.

The claims of the Named Plaintiffs and proposed AWPA Class members are based on the same legal theory. Under both the FLSA and the AWPA, Defendants were required to make, keep, and preserve accurate records of the number of piecework units earned and the daily starting and stopping time of work for individual employees. 29 U.S.C. §§ 1821(d)(1)(B)-(C), 1831(d)(1)(B)-(C), 29 C.F.R. § 516.2(a)(7), 29 C.F.R. § 516.6(a)(1); 29 U.S.C. §§ 1821(d)(1)(B)-(C) and 1831(d)(1)(B)-(C). S*ee Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 127 (3rd Cir. 1984); and *Bueno v. Mattner*, 633 F.Supp. 1446, 1451-52 (W.D.Mi. 1986). Defendants were also required to provide to each worker for each pay period, an itemized written statement which included the number of piecework units earned and number of hours worked. 29 U.S.C. §§ 1821(d)(2), 1831(d)(2). Defendants were also required to pay wages when due at the piece rate they or their agents disclosed to each worker for each unit of jalapeño peppers, sweet potatoes or other agricultural commodity that those workers delivered to the Defendants or their agents. 29 U.S.C. §§ 1822(a) and 1832(a).

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Burch Equipment, LLC admitted that it failed to provide any written statement to the named Plaintiffs and the putative members of the class as to the hours worked in each pay period when work was compensated on a piece rate basis. Pursuant to Rule 408 of the Federal Rules of Evidence and only for purposes of their Joint Motion for Class Certification, the parties have stipulated in the joint memorandum that they filed in support of their Joint Motion for Class Certification that none of the five (5) principal crewleaders that Burch Equipment, LLC used in the time period from December 31, 2011 through December 31, 2014 maintained or produced the basic employment and earnings records required by 29 C.F.R. § 516.6(a)(1) with respect to ". . . the daily starting and stopping time of individual employees . . .". 29 C.F.R. § 516.6(a)(1) that they

were all required to produce at their respective November 2015 depositions pursuant to the subpoenas duces tecum that were served on each of them. *See, e.g.,* Doc. 32-3 at 1-2 and 4-6 (Proof of Service of deposition subpoena duces tecum on farm labor contractor Zenaida DeLeon Perez requiring her to produce same pursuant to paragraph E of "Documents" list); and 29 C.F.R. § 516.6(a)(1).. The Interrogatory Answers of one of the Named Plaintiffs and deposition evidence provided to the Court suggest that more than one crewleader used by Burch Equipment, LLC improperly confiscated and did not count picking tokens that they were obligated to distribute to the named plaintiffs and those same workers for crops that those same workers had already harvested on a piece rate basis and delivered to those crewleaders as a disciplinary measure for alleged improper picking procedure. *See, e.g.,* Plaintiff Agustina Velazquez's Response to Defendants' First Set of Interrogatories, pp. 1, 5-9, 16-18, 24-26, and 48 (sworn answer to interrogatory ##1, and 13-16); and Transcript of the Deposition of Fabian Avalos taken on November 12, 2015, pp. 1-3, 8-10, 18-29, and 42-43. Therefore, the Named Plaintiffs' allegations established that the claims under the AWPA are "typical" of the claims of the class they seek to represent.

### iv. The Named Plaintiffs are Adequate Representatives of the Class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is a two-part inquiry to determine: (1) whether the class representatives' claims are sufficiently interrelated to and not antagonistic with the class' claims and (2) that legal counsel is qualified, experienced and generally able to conduct the litigation. *Rodger*, 160 F.R.D. at 539; s*ee also Haywood*, 109 F.R.D. at 578. The Named Plaintiffs have met these requirements with respect to the proposed AWPA Class.

13

Case 7:14-cv-00303-FL   Document 50   Filed 03/08/16   Page 9 of 12

The Named Plaintiffs meet the first requirement by demonstrating their consistent involvement in the litigation. They have a common interest with class members in the litigation, possess a personal financial stake in the outcome, consulted regularly with Class Counsel, responded to written discovery, were deposed by Defendants' counsel, and participated in a lengthy mediation to resolve these claims. *See* pages 2-4 of the sworn Declaration of Plaintiffs' Counsel filed in support of the Joint Motion. The Named Plaintiffs understood their obligations as class representatives in the event that the Court certified this as a class action with respect to AWPA claims. *Id.*

In addition, under the arrangement between the Named Plaintiffs and counsel, all expenses incident to class certification can be advanced to the Named Plaintiffs by counsel, with the Named Plaintiffs remaining ultimately liable for such costs in the event that the Court rejects either the Settlement Agreement or the Named Plaintiffs' request and motion that the expenses involved in providing notice to the class be paid for by the Defendants. S*ee Haywood*, 109 F.R.D. at 580 (approving such a cost advance arrangement); and pages 2-4 of sworn Declaration of Plaintiffs' Counsel filed in support of the Joint Motion (attesting to such an arrangement). .

Lastly, Robert Willis, counsel for the named Plaintiffs, is an experienced attorney who has previously been counsel in class action litigation, including class litigation involving identical claims as asserted in the instant case. *See* pages 4-8 of sworn Declaration of Plaintiffs' Counsel filed in support of the Joint Motion.

### c. The Class Satisfies the Requirements of Rule 23(b)(3).

Class certification under Rule 23(b)(3) requires that common issues of law or fact predominate over individual issues and that the class action be the superior method of dealing with the dispute. The factors used to make this determination are: "(A) the interest of members

14

of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Rule 23(b)(3), Fed. R. Civ. P. *See also Haywood*, 109 F.R.D. at 580-84, and 592-93.

The proposed class satisfies the requirements of (b)(3) for the reasons already stated in this Order as to Rule 23(a). *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 at 598 (2d Cir. 1986) (holding that satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality"). Based on the allegations in the Amended Complaint and the evidence, stipulations, and sworn Declarations before the Court, certification of the AWPA Class is appropriate under Rule 23(b)(3). The legal and factual issues described in the Amended Complaint predominate over any individual issues of law and fact for any Plaintiff class member.

Class treatment of the legal issues identified in this case would also be superior to other procedures for the handling of the claims in question for a number of reasons. No member of the AWPA Class has any necessary interest in individually controlling the prosecution of the claims at issue in this litigation. "Additionally, because of the relatively small amount of the wage claims in this case, no individual class member could have any reasonable financial capability to pursue this litigation on an individual basis." *See Gaxiola* 2011 WL 806792 at 12; *Hernandez Garcia* Order at 6.

In addition, no other litigation concerning this matter and filed by any of the parties involved in the present action is currently pending.

Furthermore, this Court has a substantial interest in the resolution of the issues raised in this litigation occurring in one forum. Because Plaintiffs and members of the AWPA Class were all employed by the same corporate employer, Burch Equipment, LLC, that maintained payroll records and employee data for all of the field workers furnished to it by its farm labor contractor supervisors for the entire time period covered by the AWPA class, the management of a class action under Rule 23(b)(3) in this matter should not present any difficulties.

## II. CONCLUSION

For the reasons set forth above, the parties' Joint Motion for Class Action Certification is GRANTED.

IT IS SO ORDERED.

This the 8th day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge