IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-CV-00303-FL

| | |
|---|---|
| AUGUSTINA VELAZQUEZ and OMAR SEGUNDO URBINA a/k/a one person named ROBERTO CARLOS DE LEON RAMOS, MOISES SEGUNDO URBINA a/k/a MANUEL LOPEZ, and LUIS FERNANDO VELAZQUEZ a/k/a ALFONSO REYNOSO GONZALEZ on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BURCH EQUIPMENT, L.L.C.; BURCH FARMS, L.L.C.; JAMES P. BURCH, MANAGER of both BURCH EQUIPMENT, L.L.C. and BURCH FARMS, L.L.C.; WILLIAM E. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; FRANCIS T. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; and TERESA BURCH, MEMBER of BURCH FARMS, L.L.C., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER APPROVING CONTENT OF NOTICE TO CLASS MEMBERS
## AND METHOD OF DISTRIBUTION OF CLASS NOTICE

This matter is before the Court on the Joint Motion by the Named Plaintiffs and the Defendants to Approve Notice to Class Action Members and to Approve Method for Distributing Notice. In support of their Joint Motion, the named Plaintiffs and the Defendants have filed a stipulated notice and method of distribution. The proposed content and method of distribution for that notice are consistent with that previously approved for use in other similar

7

actions before the federal courts of this state. *See e.g., Haywood v. Barnes,* 109 F.R.D. 568 (E.D.N.C. 1986). They also appear to be reasonably calculated to provide the best notice practicable under the circumstances of this case.

The proposed Notice to Class Action Members of Proposed Settlement, Deadline for Objections, and Opportunity to Withdraw (the "Notice") is both a neutral and comprehensive document that fairly apprises the Plaintiff Class Members of (i) the pendency of the class action, (ii) the substance of the litigation, (iii) the reasons for compromising the claims, (iv) the terms of the proposed settlement, and (v) the opportunity to withdraw. The Notice also provides the Plaintiff Class Members with an opportunity to obtain any necessary further information, and apprises them of their right to object to the settlement, the objection deadline, and the date of the hearing on this Court's final approval, if any, of the Settlement Agreement, designated as Nov. 7, 2016.

The Court therefore formally approves the content of the Notice attached to this Order , as well as the method of distribution for the Notices to class and collective action members set out in the Joint Motion. The Notice shall be distributed pursuant to the following procedure::

(1) Within thirty (30) days of the date on which that Order is filed by the Court, the Defendants shall complete arrangements to identify to the Court and counsel for the Named Plaintiffs and to hire the independent person(s) or entity Third Party Administrator ("TPA") to act in the capacity of the TPA as contemptlated in paragraphs 1-2 at page 2 of the Mediated Settlement Agreement entered into among the parties on December 10, 2015, and to counsel for the Named Plaintiffs.

(2) No later than within sixty (60) days of the date on which that Order is filed by the Court, the Defendants shall provide to the Third Party Administrator ("TPA") and to counsel for

the Named Plaintiffs the names of all putative members of the class certified by the Court and the mailing address for each such putative class member as that address was and is last known to the Defendants.

(3) No later than within thirty (30) days of the date on which that Order is filed by the Court, the independant TPA hired and compensated by the Defendants shall provide written notice of the terms of the proposed settlement to the putative members of the class certified by the Court in the form of the Notice to Class Action Members of Proposed Settlement, Deadline for Objections, and Opportunity to Withdraw ("Notice") that has been approved by this Court, with the TPA to mail such Notice by U.S. Mail, first class delivery, postage prepaid, to the address for each class member provided to the TPA by the Defendantsthat is last known to the Defendants.

(4) Defendants shall pay the costs for the printing and postage related to mailing out the notices by the TPA..

(5) Defendants shall pay the costs of obtaining a translation of the Court-approved Notice into Spanish by a court-certified, professional interpreter

IT IS SO ORDERED.

This the 8th day of March , 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-CV-00303-FL

| | |
|---|---|
| AUGUSTINA VELAZQUEZ and OMAR SEGUNDO URBINA a/k/a one person named ROBERTO CARLOS DE LEON RAMOS, MOISES SEGUNDO URBINA a/k/a MANUEL LOPEZ, and LUIS FERNANDO VELAZQUEZ a/k/a ALFONSO REYNOSO GONZALEZ on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BURCH EQUIPMENT, L.L.C.; BURCH FARMS, L.L.C.; JAMES P. BURCH, MANAGER of both BURCH EQUIPMENT, L.L.C. and BURCH FARMS, L.L.C.; WILLIAM E. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; FRANCIS T. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; and TERESA BURCH, MEMBER of BURCH FARMS, L.L.C., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Exhibit ___ — Notice to Class Action Members**

| | |
|---|---|
| AUGUSTINA VELAZQUEZ and OMAR SEGUNDO URBINA a/k/a one person named ROBERTO CARLOS DE LEON RAMOS, MOISES SEGUNDO URBINA a/k/a MANUEL LOPEZ, and LUIS FERNANDO VELAZQUEZ a/k/a ALFONSO REYNOSO GONZALEZ on behalf of themselves and all other similarly situated persons,<br><br>                          Plaintiffs,<br><br>   v.<br><br>BURCH EQUIPMENT, L.L.C.; BURCH FARMS, L.L.C.; JAMES P. BURCH, MANAGER of both BURCH EQUIPMENT, L.L.C. and BURCH FARMS, L.L.C.; WILLIAM E. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; FRANCIS T. BURCH, MANAGER of BURCH EQUIPMENT, L.L.C.; and TERESA BURCH, MEMBER of BURCH FARMS, L.L.C.,<br><br>                         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE TO CLASS ACTION MEMBERS OF PROPOSED SETTLEMENT, DEADLINE FOR OBJECTIONS AND OPPORTUNITY TO WITHDRAW**

    This notice is being sent to you to tell you about a class action lawsuit now pending in United States District Court of the Eastern District of North Carolina. **You are or may be a member of this class.** This notice will tell you how your rights may be affected by this lawsuit.

    1.      **What Is This Law Suit About?**

    This lawsuit was filed by Augustina Velazquez, Omar Segundo Urbina, Moises Segundo Urbina, and Luis Fernando Velazquez ("the Named Plaintiffs") who have asked for damages associated with violations of the Agricultural Workers Protection Act against Burch Equipment, L.L.C., Burch Farms, L.L.C., James P. Burch, William E. Burch, Francis T. Burch, and Teresa Burch (the "Defendants") under United States law, on behalf of themselves and a class of other employees. This lawsuit covers anyone who was employed by the Defendants as a migrant or seasonal agricultural worker from December 31, 2011 through December 31, 2014.

**You are receiving this notice because Burch Equipment, L.L.C.'s records show you are or may be a member of the class of workers who performed piece rate work for Burch Equipment, L.L.C.**

2. **Information About The Lawsuit:**

Plaintiffs filed this lawsuit against Defendants, claiming that Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), Fair Labor Standards Act (FLSA) and the North Carolina Wage and Hour Act (NCWHA). Plaintiffs claim that Defendants violated the AWPA by not keeping accurate records of their hours worked, not providing them with an accurate wage statement with all of the required information, by failing to pay all wages when due, and by violating the working arrangement they had with the Plaintiffs to pay for all units of piece work harvested by the Plaintiffs at the piece rate that the Defendants disclosed to the Plaintiffs..

The Court has recently decided that this case qualifies as a class action lawsuit and preliminary approved a settlement agreement resolving the matters at issue in the lawsuit. This means that you will be included in the lawsuit unless you exclude yourself as described below.

3. **If I Was Paid on a Piece Rate Basis When I Worked for Defendants in the Field, Do I Have To Do Anything to Participate in the Law Suit?**

You are automatically a member of the class action if you were employed by Defendants as a migrant or seasonal agricultural worker from December 31, 2011 through December 31, 2014 and who were paid on a piece rate basis during any workweek during that time period. As a class member, your legal claims will be decided in this lawsuit. If the Court grants final approval of the proposed settlement agreement, you may receive a payment of money. You will be bound by the receipt of the settlement payment unless you ask to be excluded from the class. That is, you will not be able to file a separate suit against the Defendants later.

<u>If you do not wish to participate in the settlement, you must inform the Class Counsel *in writing* by letter or postcard. Your letter or postcard must be postmarked no later than</u> [DATE 30 days after mailing of this notice]. It must state your name and address. It <u>must</u> state that you do not want to be a class member in this lawsuit and it must be signed by you. **The notice must be mailed or faxed** to Class Counsel at the address or fax number set out below.

> Class Counsel
> Robert Willis
> Law Offices of Robert J. Willis
> P.O. Box 1269
> Raleigh, NC 27611
> (919) 821-1763 (fax)

If you opt out of this class, you will have no right to recover any money the settlement in this lawsuit, and will not be bound by any such judgment or settlement or other determination by the Court. However, you would then have the right to file your own individual lawsuit against the Defendants. Lawsuits are subject to being dismissed if claims are not filed within applicable time limits. <u>If you exclude yourself from this action, those time limits will start running again.</u>

Any member of the class who does not timely exercise the right to be excluded will be included in the class lawsuit and will be bound by the terms of the settlement in this lawsuit.

4. **What Should I Do If My Address Changes?**

If your address has changed from that shown on the envelope, or if you move in the future, you <u>must</u> notify Class Counsel **in writing**. A change of address form is included with this notice. Without a current address, it may not be possible to keep you informed of developments in the case. Please fill in the information including your new address, and mail it to the address listed on the form.

5. **Who Are The Attorneys For The Plaintiffs' Class?**

The attorneys who represent you are called the "Class Counsel." The attorneys are:

Robert Willis
Law Offices of Robert J. Willis
P.O. Box 1269
Raleigh, NC 27611
(919) 821-9031 (Tel)
(919) 821-1763 (fax)
(866)375-2539 (toll free)

Anyone with questions about this lawsuit may contact the Class Counsel at (866)375-2539 (toll free) (from the U.S.) or 001-919-821-9031 (from Mexico). The attorneys who represent you speak Spanish.

**<u>You will not be required to pay any fee for services provided by the Class Counsel.</u>**

Class Counsel has applied to the Court for an award of attorneys' fees and reimbursement of the reasonable costs and fees from the Defendants.

6. **Who Can I Contact If I Want Further Information?**

If you have questions or you need help understanding this Notice, you can contact the Class Counsel by calling (866)375-2539 (toll free) (from the U.S.) or 001-919-821-9031 (from Mexico).

<u>Do not call the Court or the Clerk of Court.</u>

7. **Information About The Proposed Settlement**

The named Plaintiffs who represent the classes of employees described above have negotiated a tentative settlement with Defendants. This settlement has received preliminary approval by United States District Court Judge Louise Flanagan. The settlement must be

finally approved by the Court before its terms can have any legal effect.

The following is a summary of the proposed settlement agreement between Defendants, the named Plaintiffs, and the class. **If accepted by the Court, the terms of this settlement will be binding upon you and all other class members and you will have no further claims or causes of action against the Defendants for any claim asserted or which could have been asserted under the AWPA and the NCWHA.** The full text of the complaint, proposed settlement agreement, and other legal documents are on file with the Court and are available for inspection at the office of the Clerk of Court, U.S. Courthouse, 413 Middle Street, New Bern, NC 28560. In addition, you can obtain copies of these documents by calling Class Counsel at (866)375-2539 (toll free) (from the United States) or 001-919-821-9031 (from Mexico).

8. **Proposed Settlement Terms**

**NON-MONETARY TERMS OF PROPOSED SETTLEMENT AGREEMENT**

The Settlement Agreement provides that Defendants will enter into an Agreement with the Farm Labor Organizing Committee, AFL-CIO ("FLOC") in which Burch Equipment, LLC and Burch Farms, LLC and any alter ego of Burch Equipment, LLC and Burch Farms, LLC ("Burch) recognize the following rights of all workers employed or used in the fields by Burch in the three (3) year time period following the Court's final approval of the terms of this Proposed Settlement and under which Burch agrees to, among others, the following duties and obligations in that same time period with respect to those workers:

A. The voluntary right of all workers employed or used by Burch in whole or in part in the fields of Burch to freedom of association.

B. The voluntary right of all workers employed or used by Burch in whole or in part in the fields of Burch to engage in concerted activity.

C. Upon presentation of a signed, dated and witnessed FLOC representation card by any worker subject to the protection of AWPA or the FLSA who is an employee of Burch, Burch agrees to recognize FLOC as the representative of any such worker(s) and the Employer's obligation to negotiate in good faith with FLOC as to the terms and conditions of employment by Burchr of any workers who have signed cards authorizing FLOC to represent them.

D. Employer neutrality in any action(s) by FLOC or the worker(s) used or employed by the Burch to engage in freedom of association or concerted activity.

E. The obligation to immediately recognize of the Dunlop Commission (hereinafter referred to as the "Commission") as the ultimate arbitral body in an alternative dispute mechanism with final and binding authority to adjudicate and, if sustained, to determine an appropriate legal and/or equitable remedy as to any violation(s) alleged by one or more worker(s) employed or used by Burchr of any right(s) or obligation(s) established by the Agreement between Burch and FLOC.

F. In addition to the rights and obligations set forth in paragraphs A.-E., inclusive, above of this Agreement, Burch and FLOC agree that: any members of FLOC working for Burch shall have, among others, the following rights and/or obligations:

   a. Agreement by Burch that the hourly pay rate for any non-supervisory, non-management employee of Burch is to be $10.32 per hour plus an increase equal to any increase in the AEWR during the term of the Agreement.

   b. Payroll dues deduction and employer neutrality

   c. Burchr agrees that it will not discriminate or retaliate against any of the named Plaintiffs in Civil Action No. 4:14-cv-00241 in any decisions with respect to the re-hire or employment of any of those same named Plaintiffs.

   d. Burch will not discharge or suspend any employee without just cause unless it is for lack of work. For purposes of this Agreement, the term "just cause" shall be defined in the same way as it is under Section 12.3 of the Collective Bargaining Agreement ("CBA") in effect between The North Carolina Grower's Association ("NCGA") and FLOC as of December 10, 2015.

   e. Employer will comply with all relevant federal, state, and local laws.

   f. Neutrality from Employer on the issue of union membership.

   g. Access to field worker employee list with current street addresses of residence & contact telephone numbers for the provision of union information.

## MONETARY TERMS OF PROPOSED SETTLEMENT AGREEMENT

In addition, the Settlement Agreement provides for Defendants to pay a total of $200,000 ["Settlement Funds"] in settlement of this action into a non-interest bearing account. Persons eligible to receive damages under the Settlement Agreement are AWPA Class members who do not opt out of the settlement. Those workers will receive payments from the Settlement Fund as follows:

   **A. AWPA Class**

**You are receiving this notice because you may be a member of the AWPA Class, and you may be eligible for a payment under the settlement terms listed below. The persons who are members of the AWPA Class are those persons who performed temporary or seasonal work in agriculture as an employee of the Defendants (not as an H2A worker) between December 31, 2011 and December 31, 2014 and who were paid on a piece rate during any workweek during that time period.**

   1) $60,000 of the Settlement Funds will be allowed for distribution to the members of the AWPA Class.

2) The $60,000 shall be allocated and distributed to those other than the Named Plaintiffs on a pro rata basis in accordance with the number of seasons worked those same class members between December 31, 2011 and December 31, 2014 with a maximum payment of $40 per claimant per season worked.by those other than the Named Plaintiffs who make timely claims with _____[name and address of Third Party Administrator ("TPA") to be identified and hired by Defendants pursuant to paragraphs 1-2 at page 2 of the Mediated Settlement Agreement entered intno by the parties on December 10, 2015] by U.S. Mail, first class delivery, postmarked no later than _____[the date falling 180 days after the date that this Notice is mailed to each putative class member]. In order to submit a timely claim, each claimant shall submit the attached Claims Form or other written claim along with a legible copy of a government-issued photo identification card to _____ [name of TPA] by U.S. Mail, first class delivery, postmarked no later than _____[the date falling 180 days after the date that this Notice is mailed to each putative class member]. The [name of TPA] shall allocate and distribute the $60,000 to each timely claimant in accordance with the allocation formula set forth above within 30 days of the date on which each timely claim is received by [name of TPA]. If a claimant's name does not appear among the list of putative members of the class provided by Defendants to [name of TPA] or in the records produced by Defendants, that person shall be paid the calculated per-season rate at the end of the claims period, provided that they can provide a wage statement or other wage document issued by one or more of the defendants or any farm labor contractor or field supervisor of defendant Burch Equipment, L.L.C. verifying piece work employment by Burch Equipment, L.L.C. in the covered time period, if there are funds remaining.

3) These payments shall be for statutory statutory damages, for alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act.

4) All of the money allocated for the members of the AWPA class who have not opted out of that class that has not been distributed by the date falling 180 days after the date on which the Court issues final approval of this settlement agreement will be distributed to the Campaign for Migrant Worker Justice.

### B. Class Representative Payment

Named plaintiffs Augustina Velazquez, Omar Segundo Urbina, Moises Segundo Urbina, and Luis Fernando Velazquez will receive a payment of $7,125.00 each from the amount allocated to compensate them for the alleged violations of their rights under the AWPA, the NCWHA, and the FLSA, and to compensate them for their efforts in securing benefits for the class and for their time, effort, and responsibilities incurred in connection with assisting Class Counsel in this case.

### C. Settlement Fund Distribution and Settlement Administration

Defendants will pay the expenses of administration of the Settlement.  Money paid to anyone under the settlement shall be paid in the form of U.S. checks.  If the class member does not have a bank account, Plaintiffs' counsel shall consult with the Third Party Administrator to determine the most economical manner to send funds to that person.

### D. Taxes, Withholdings, and Reporting.

No withholdings will be made from AWPA damages or special payments to the Class Representatives.

### E. Attorneys' Fees and Costs.

Defendants shall pay to the Law Offices of Robert J. Willis $110,000 in attorneys' fees and costs from the Settlement Funds.  Defendants shall have no further liability for attorneys' fees or any of the costs or expenses associated with this Settlement, except as provided in Paragraph C, above.  Additionally, Defendants shall pay $1,478.10 to the Law Offices of Robert J. Willis as payment for the mediator fees incurred to date.

### F. Release

Upon receipt of the payments required by this Settlement Agreement, the Named Plaintiffs and Class members will give up their claims against the Defendants.  They will forever settle, compromise, resolve, release, waive, discharge and terminate claims, grievances, charges, complaints, demands, damages, costs, expenses (including attorneys' fees and costs), or causes of action which were alleged or could have been alleged arising out the of the transactions and occurrences that are the subject matter of the above-referenced action, regardless of whether such claims arise under federal, state or local law or common law.  Released Claims do not include any claim for worker's compensation benefits, not any rights or claims which may arise after the date the Settlement Agreement was executed on December 10, 2015, nor any claims under the Fair Labor Standards Act ("FLSA") to the extent any putative member of the collective action alleged in this action did not file a Consent to Sue pursuant to 29 U.S.C. § 216(b).

### G. Stipulation of Voluntary Dismissal With Prejudice.

This Action shall be dismissed, with prejudice and without costs, within 10 days after the later of 1) final approval of the Settlement Agreement by the Court, or 2) the date on which Defendants have made all of the payments required by this Settlement Agreement, whichever date is later.

### 9. You May Object to the Proposed Settlement Agreement.

If you are not satisfied with the proposed settlement agreement that is described in this Notice, you may object to its final approval by the Court by making your objection by sending a copy of your **written objection by mail or by fax**, on or before [Date falling 30 days after the date notice is mailed] addressed to:

Robert Willis
Law Offices of Robert J. Willis
P.O. Box 1269
Raleigh, NC 27611

(919) 821-1763 (fax)

    You may also object to final approval of the settlement by the Court by appearing in person before the Court for a hearing to be held at 11:00 am on November 7, 2016, in the second floor courtroom in the United States Courthouse, 413 Middle Street, New Bern, NC 28560,

whereupon a United States District Court Judge will consider the request of the Plaintiffs and Defendants that the terms of the proposed settlement described above be approved by the Court.

    Filing an objection does not guarantee that any proposed settlement or final Order will not be given final approval by the Court with or without a hearing. If, however, objections are not made by the conclusion of the hearing on November 7, 2016, any proposed settlement or final Order will automatically become final and binding on you to the extent allowed by law. <u>If any</u> Proposed settlement or final Order becomes final you and all other class members will be <u>legally bound by its terms to the full extent allowed by the law.</u>

_/s/ Louise W. Flanagan_
Hon. Louise Flanagan United States District Judge

DATE OF THIS NOTICE: _____

## CHANGE OF ADDRESS FORM

(Please Print)

Full name(s) of Scott Farms Worker: _____

Your Current Home and Work Telephone Numbers: _____

NEW Address (Street or P.O. Box): _____

Town and ZIP Code: _____

OLD Address (Street or P.O. Box): _____

Town and ZIP Code: _____

**Please mail to:
Robert Willis
Law Offices of Robert J. Willis
P.O. Box 1269
Raleigh, NC 27611
(919) 821-9031
(919) 821-1763 (fax)**

19

# CLAIM FORM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| AGUSTINA VELAZQUEZ and OMAR SEGUNDO URBINA a/k/a one person named ROBERTO CARLOS DE LEON RAMOS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BURCH EQUIPMENT, L.L.C., et al., <br><br> Defendants. | Civil Action No. 7:14-cv-303-FL <br><br> **CLAIM FORM** |

I was employed in the field and paid on a piece rate basis by Burch Equipment, LLc in the following season(s) to harvest jalapeño peppers, sweet potatoes, or some other agricultural product.

1. 2012 _____  2. 2013 _____  3. 2014 _____

_____  _____
Signature                                                            Address

_____  _____
Print name                                                          City, State, Zip Code

_____          _____
Date                                                                   Telephone

_____
E-mail address

To be eligible for any payment as a member of the class of workers certified by the Court in this action, , you must mail this form or some other written claim <u>with a legible copy of a government-issued photo identification card</u> to _____ [name of TPA] by U.S. Mail, first class delivery, postmarked no later than \_\_\_\_\_[the date falling 180 days after the date that this Notice is mailed to each putative class member]

20

Case 7:14-cv-00303-FL   Document 52   Filed 03/08/16   Page 14 of 14